NICHOLAS STROZZA (SBN 117234)
Assistant United States Trustee
TIMOTHY S. LAFFREDI (WI Bar No. 1055133)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3339
Facsimile: (415) 705-3379
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re<br>**BROOK STREET HOLDINGS LLC**,<br>Debtor. | Case No. 19-41564 RLE<br>Chapter 7<br><br>Date: March 4, 2020<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 201<br>1300 Clay Street<br>Oakland, CA 94612<br><br>Honorable Roger L. Efremsky |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER COMPELLING COMPLIANCE WITH THE ORDER FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS**

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, respectfully moves this Court for entry of an Order compelling compliance with the Bankruptcy Court's Order for Rule 2004 Examination and Production of Documents (ECF No. 39). In support, the United States Trustee states as follows:

**Procedural Background**

1. On July 10, 2019, Brook Street Holdings LLC ("Debtor") filed a voluntary Chapter 7 petition ("Petition"), under the United States Bankruptcy Code, thereby initiating the instant

case. ECF No. 1. The Petition was filed under Attorney Donald Schwartz's ECF Login, but the Petition contained the signature of Attorney David Kelvin. *Id*.

2. That same day, the Debtor filed a Motion to Dismiss Case ("Motion to Dismiss"). ECF No. 2. The Motion to Dismiss was filed under Mr. Schwartz's ECF Login, but the document contained the signature of Mr. Kelvin. *Id.*

3. On August 5, 2019, the Bankruptcy Court issued an Order to Show Cause ("OSC") requiring Mr. Schwartz and Mr. Kelvin to appear and explain the discrepancy between the filer and the attorney signature on the Petition and Motion to Dismiss. ECF No. 5. The Bankruptcy Court set the Show Cause hearing for September 11, 2019. ECF No. 5.

4. On September 4, 2019, Samuel Bellicini, in his capacity as Mr. Schwartz's ethics attorney, filed a response to the OSC along with Mr. Schwartz's declaration in support of the response. ECF Nos. 20 and 21. The response and declaration state that Mr. Schwartz received instructions from the Debtor to file the Petition, which was purportedly signed by Mr. Kelvin as attorney for the Debtor. *Id*.

5. On September 11, 2019, the Bankruptcy Court held the initial Show Cause hearing and inquired of Messrs. Kelvin, Schwartz, and Bellicini. The Court then continued the Show Cause hearing to October 10, 2019, to allow for Mr. Kelvin and Mr. Schwartz to provide additional responses. ECF No. 24.

6. On September 27, 2019, Mr. Schwartz filed an additional response and declaration, again through Mr. Bellicini, stating that Edwin Heath is the Managing Member of Debtor Brook Street Holdings, LLC. ECF No. 32.

7. According to the Debtor's Statement of Information Form retrieved from the California Secretary of State's website, Edwin Heath is the managing member of the Debtor. ("Statement of Information for Brook Street Holdings, LLC," attached hereto as Exhibit A).

8. On October 10, 2019, the Bankruptcy Court held the continued Show Cause hearing, at which Messrs. Kelvin, Schwartz, and Bellicini, and counsel for the United States Trustee, appeared. After further inquiry, the Court continued the hearing indefinitely. *See* Docket.

**The Rule 2004 Order**

9. On October 9, 2019, the United States Trustee filed a Motion for Rule 2004 Examination and for Production of Documents, requesting that the Court require Mr. Heath to appear for examination and to produce documents and information related to the bankruptcy filing. ECF No. 37.

10. On October 11, 2019, the Court entered an Order for Rule 2004 Examination and to Produce Documents (the "Rule 2004 Order"). ECF No. 39. The Rule 2004 Order required that Mr. Heath provide required documents by November 6, 2019, and appear for a Rule 2004 Examination on November 18, 2019. *Id.* The Rule 2004 Order required Mr. Heath provide various documents, including "[a] complete list of all entities owned, operated, managed, and/or controlled by Edwin Heath, including any entities for which Mr. Heath is an officer or director" and "[c]opies of all bankruptcy petitions filed on behalf of any entity controlled or managed by Edwin Heath." *Id.*

11. On November 6, 2019, the due date of the documents pursuant to the Rule 2004 Order, the Office of the United States Trustee received a letter from Mr. Heath's counsel, Daniel J. Russo ("Counsel"), indicating that Mr. Heath would be asserting his Fifth Amendment privileges against self-incrimination, and accordingly would not produce any documents. ("Letter from Counsel," attached hereto as Exhibit B). Mr. Heath did not file anything on the docket in this case asserting any Fifth Amendment privileges, did not file any formal opposition to the 2004 Motion, and did not seek reconsideration of the Rule 2004 Order at any time; instead, Mr. Heath sent the Letter from Counsel to the United States Trustee.

12. On December 18, 2019, Mr. Heath and his counsel attended the rescheduled Rule 2004 Examination.[1] A copy of the Rule 2004 Examination of Edwin Heath, conducted on December 18, 2019, is attached as Exhibit C ("Rule 2004 Examination Transcript"). At the examination, Mr. Heath responded to all inquiries asking why he has not provided any of the required documents with "[o]n advice of counsel, I take the Fifth Amendment." Rule 2004 Examination Transcript, p. 5-13.

13. To date, Mr. Heath has failed to provide any of the documents or information required by the Rule 2004 Order. *See* Vargas Declaration. Mr. Heath has also not sought relief from the order. *See* Docket.

14. Due to the fact that Mr. Heath failed to provide any of the documents and information required by the Rule 2004 Order, the United States Trustee continued the 2004 Examination for February 12, 2020, at 11:00 a.m. at the Office of the United States Trustee, 1301 Clay Street, Room 1300N, in Oakland, California.

**Argument**

Fed. R. Bankr. P. 2004 ("Rule 2004") provides that upon *ex parte* motion of any party in interest, the court may order the examination of any entity including the debtor relating to the "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

Section 105(a) of the Bankruptcy Code states that a Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, a party may file a motion to compel compliance with an order to produce documents under Rule 2004. *See In re Camferdam*, 597 B.R. 170, 175 (Bankr. N.D. Fla. 2018); *see also In re Dieffenbacher*, 556 B.R. 79, 82 (Bankr. N.D.N.Y. 2016).

---

[1] At Mr. Russo's request, the United States Trustee rescheduled the Rule 2004 Exam originally scheduled for November 18, 2019 to December 18, 2019.

Willful failure to comply with an order requiring the production of documents under Rule 2004 may be cause to find the noncompliant party in contempt of the court. *In re Continuum Care Services*, 375 B.R. 692, 694 (Bankr. S.D. Fla. 2007). "Civil contempt consists of a party's disobedience of a specific and definite court order by failing to take all reasonable steps within the party's power to comply." *Brace v. Speier (In re Brace)*, 2019 Bankr. LEXIS 80, at *18-19 (B.A.P. 9th Cir. Jan. 11, 2019) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993)); *see also Weimar Invs., Inc. v. First Fin. Bank, N.A. (In re Pekrul)*, 2013 Bankr. LEXIS 4668, at *11-12 (B.A.P. 9th Cir. July 22, 2013).

Fifth Amendment privilege is applicable in bankruptcy proceedings, including Rule 2004 examinations, but a person must properly invoke it. *In re Blan*, 239 B.R. 385, 392 (Bankr. W.D. Ark. 1999). The invoker must demonstrate, for the court, credible reasons why responding to the written discovery would create a credible threat of incrimination. *Id*; *see also In re Larson,* 466 B.R. 147, 150 (B.A.P. 10th Cir. 2012) ("parties seeking to invoke the constitutional protection under the Fifth Amendment…are required to demonstrate that a deposition question or written discovery gives them "reasonable cause to apprehend danger," that their response would either "support a conviction," or "furnish a link in the chain of evidence needed to prosecute them for a violation of the criminal statutes.""). Further, the Fifth Amendment privilege must be invoked on a question-by-question basis to show there is reasonable cause to apprehend danger. *See In re Martinez*, 500 B.R. 608, 616 (Bankr. N.D. Cal. 2013); *see also United States v. Hansen*, 233 F.R.D. 665, 668 (S.D. Cal. 2005). As stated in *Hoffman v. United States*, "[a] witness is not exonerated from answering questions merely because he declares that in doing so he would incriminate himself, since it is for the court to say whether his silence is justified, and to require him to answer if 'it clearly appears to the court that he is mistaken.'" *Hoffman v. United States*, 341 U.S. 479, 486, (1951). Thus, the Bankruptcy Court is the arbiter of whether the Fifth Amendment privilege is properly invoked.

Mr. Heath has not demonstrated to the Bankruptcy Court that either his failure to abide by the Rule 2004 Order, or his invocation of the Fifth Amendment, is justified. Mr. Heath has failed to take all reasonable steps within his power to comply and failed to demonstrate that providing the documents required by the Rule 2004 Order would create a credible threat of incrimination. When asked why he has not provided any of the required documents, Mr. Heath simply responded that he took the Fifth Amendment on the advice of counsel. Rule 2004 Examination Transcript, p. 5-13. Therefore, Mr. Heath has not justified his failure to comply with the Rule 2004 Order.

Based upon the foregoing, the United States Trustee requests that the Court enter an order compelling Mr. Heath's compliance with the Rule 2004 Order and to produce the documents identified in the Order by close of business on March 11, 2020 so that the United States Trustee may review in advance of a continued Rule 2004 Examination.

WHEREFORE, the United States Trustee requests that the Court (1) compel Mr. Heath to produce the requested documents and information by March 11, 2020, unless Mr. Heath demonstrates that his refusal to comply with each request made under the Rule 2004 Order is proper; and (2) grant such other relief as is just and appropriate.

Dated: February 4, 2020         TRACY HOPE DAVIS
                                UNITED STATES TRUSTEE


                                By: /s/ *Trevor R. Fehr*
                                    Trevor R. Fehr
                                    Trial Attorney for the United States Trustee