Daniel J. Russo (SBN 77991)
MAAS & RUSSO LLP
521 Georgia Street
Vallejo, CA 94590
Telephone: (707) 644-4004
Facsimile: (707) 644-7528
E-mail: law@mortonrusso.com

Attorney for REAL PARTY IN INTEREST EDWIN HEATH

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>**BROOK STREET HOLDINGS LLC,**<br><br>Debtor. | Case No.: 19-41564 RLE<br><br>Chapter 7<br><br>**REAL PARTY IN INTEREST'S OPPOSITION TO MOTION TO COMPEL**<br><br>DATE: March 4, 2020<br>TIME: 2:00 p.m.<br>COURTROOM: 201<br><br>Judge: Hon. Roger L. Efremsky<br>Courtroom: 201 |

## FACTUAL BACKGROUND

Debtor LLC was suspended at the time of the filing of the petition. (Proof to be submitted once received from the Franchise Tax Board.)

FILED
FEB 2 0 2020
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

There is currently a state criminal inquiry into Brook Street Holdings LLC and Mr. Heath in particular regarding a loan made to Nathan and Kayla Lofton, who are claimants in this proceeding.

At the status conference on February 19, 2020, the Court indicated that it was inclined to grant the motion to compel production of documents as the Debtor had no Fifth Amendment Right as a corporation. The Court further indicated it would be inclined to hold Mr. Heath in contempt should he fail to provide such documents within 24 hours of March 4, 2020. The Government has not demonstrated that the documents sought (1) exist, (2) are authentic, or (3) that Mr. Heath has possession or control of such documents.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     The Instant Opposition Is Timely

"A written motion, other than one which may be heard ex parte, and notice of any hearing shall be served not later than seven days before the time specified for such hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion. Except as otherwise provided in Rule 9023, **any written response shall be served not later than one day before the hearing, unless the court permits otherwise.**"

Fed. R. Bankr. P. 9006, subd. (d) (bold added). Here, the deadline to file any opposition would be March 3, 2020 as the hearing is set for March 4, 2020. Thus, the instant opposition is timely.

II.     Real Party In Interest Has A Fifth Amendment Right Not To Produce Documents

"In sum, we have no doubt that the constitutional privilege against self-incrimination protects the target of a grand jury investigation from being compelled to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence. That constitutional privilege has the same application to the testimonial aspect of a response to a subpoena seeking discovery of those sources."

*United States v. Hubbell*, 530 U.S. 27, 43 (2000).

> "Given our conclusion that respondent's act of production had a testimonial aspect, at least with respect to the existence and location of the documents sought by the Government's subpoena, respondent could not be compelled to produce those documents without first receiving a grant of immunity under § 6003. As we construed § 6002 in *Kastigar*, such immunity is co-extensive with the constitutional privilege. *Kastigar* requires that respondent's motion to dismiss the indictment on immunity grounds be granted unless the Government proves that the evidence it used in obtaining the indictment and proposed to use at trial was derived from legitimate sources "wholly independent" of the testimonial aspect of respondent's immunized conduct in assembling and producing the documents described in the subpoena. The Government, however, does not claim that it could make such a showing. Rather, it contends that its prosecution of respondent must be considered proper unless someone -- presumably respondent -- shows that 'there is some substantial relation between the compelled testimonial communications implicit in the act of production (as opposed to the act of production standing alone) and some aspect of the information used in the investigation or the evidence presented at trial.' Brief for United States 9. We could not accept this submission without repudiating the basis for our conclusion in *Kastigar* that the statutory guarantee of use and derivative-use immunity is as broad as the constitutional privilege itself. This we are not prepared to do."

*United States v. Hubbell*, *supra*, 530 U.S. at 45-46.

The Ninth Circuit has articulated the standard of review and analysis to be undertaken when documents are sought and the Fifth Amendment is invoked:

> " 'We review de novo a district court's application of the Fifth Amendment privilege against self-incrimination.' *United States v. Bright*, 596 F.3d 683, 690 (9th Cir. 2010). 'Whether the existence of documents is a foregone conclusion is a question of fact, which we review for clear error.' *Id.* We also review for clear error a finding as to whether the authenticity of documents is a foregone conclusion. *United States v. Doe*, 465 U.S. 605, 613-14, 104 S. Ct. 1237, 79 L. Ed. 2d 552 (1984).
> 'The Fifth Amendment grants persons the privilege not to provide the State with [self-incriminatory] evidence of a testimonial or communicative nature.' *Id.* at 692 (alteration in original) (internal quotation marks omitted). This protection extends not only to oral questioning but also applies to prevent an individual from having to produce documents for investigative bodies if the act of production itself would be testimonial. *Id.* at 691. This protection also extends to prevent an individual's attorney from being compelled to produce documents if that production would violate the individual's Fifth Amendment rights. In *Fisher v. United States*,

425 U.S. 391, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976), the Supreme Court explained that where an individual transfers documents to his or her attorneys to obtain legal assistance in tax investigations, those documents, 'if unobtainable by summons from the client, are unobtainable by summons directed to the attorney by reason of the attorney-client privilege.' *Id.* at 405."

*United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197, 1201-1202 (9th Cir. 2013).

"Nevertheless, 'where '[t]he existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers[,] . . . enforcement of the summons' does not touch upon constitutional rights.' *Bright*, 596 F.3d at 692 (quoting *Fisher*, 425 U.S. at 411). For the 'foregone conclusion exception to apply, the government must establish its independent knowledge of three elements: **the documents' existence, the documents' authenticity and respondent's possession or control of the documents.**' *Id.*"

*United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197, 1202 (bold added).

"The Government ' 'bears the burdens of production and proof on the questions of . . . possession[ ] and existence of the summoned documents.' ' *In re Grand Jury Subpoena, Dated Apr. 18, 2003*, 383 F.3d 905, 910 (9th Cir. 2004) (quoting *In re Grand Jury Proceedings, Subpoenas for Documents*, 41 F.3d 377, 380 (8th Cir. 1994)). This is a highly fact-intensive inquiry that looks at the ' 'quantum of information possessed by the government before it issued the relevant subpoena.'' *Id.* (quoting *United States v. Hubbell*, 167 F.3d 552, 569, 334 U.S. App. D.C. 315 (D.C. Cir. 1999), *aff'd*, 530 U.S. 27, 120 S. Ct. 2037, 147 L. Ed. 2d 24 (2000)).

Here, the 'quantum of information' possessed by the IRS prior to its issuance of the summons as to the existence and possession of the summonsed document is substantial. The IRS learned that Fouts had been retained to prepare Nolan's amended income tax returns for the years 2007 and 2008. Fouts identified for the IRS the documents that Nolan had given her to prepare the 2007 and 2008 amended returns. The documents Fouts identified became the list of documents Special Agent Pahnke identified in the summons. Further, Fouts told the IRS that these documents were contained in four bankers boxes and three accordion folders.

The IRS had precise knowledge of the location of these boxes and folders and the documents contained therein. IRS agents learned from Fouts that she delivered the tax records to Nolan's civil attorney, Guadagni. Special Agent Pahnke contacted Guadagni and learned that Guadagni had given the documents to Nolan's criminal attorney at Sideman. Thus, from its investigation, the IRS knew with 'reasonable particularity' the existence and Sideman's possession of Nolan's 2007 and 2008 tax records prior to issuing the summons. *See In re Grand Jury Subpoena, Dated Apr.*

-4-
REAL PARTY IN INTEREST'S OPPOSITION TO MOTION TO COMPEL

*18, 2003*, 383 F.3d at 910. The district court's findings of existence and possession were not clearly erroneous."

*United States v. Sideman & Bancroft, LLP, supra*, 704 F.3d at 1202-1203. The Supreme Court of the United States has declined to extend the distinction between a corporation and a custodian of records to a sole employee/officer of a corporation:

> "We leave open the question whether the agency rationale supports compelling a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records."

*Braswell v. United States*, 487 U.S. 99, 118, fn. 11 (1988). The Fifth Amendment privilege may be sustained solely upon argument of counsel. *Brock v. Gerace*, 110 F.R.D. 58, 65 (D.N.J. 1986). See also *United States v. Coffey*, 198 F.2d 438, 440 (3rd Cir. 1952.) In addition, a Rule 2004 Examination for a custodian to produce documents triggers a Fifth Amendment right:

> "Respondent-appellant, former President of Saxon Industries, Inc. (Saxon) who retained certain of that company's records after leaving its employment, appeals from an order entered in the Southern District of New York by Judge Abraham D. Sofaer holding him in contempt for refusing to produce the documents pursuant to a subpoena duces tecum issued by a grand jury sitting in the Southern District of New York. Appellant is the target of the grand jury's investigation into alleged fraud in the financial statements of Saxon which in 1982 filed a petition for reorganization under Chapter 11 of the Bankruptcy Reform Act. We reverse and remand."

*In re Grand Jury Subpoenas Duces Tecum dated June 13, 1983 & June 22, 1983*, 722 F.2d 981, 982 (2d Cir. 1983).

> "There remains the question of whether the witness' compelled production of the records in this case, quite aside from their contents, could reasonably be viewed as tending to incriminate him. In *Fisher* the Court held that the question does not lend itself to a categorical answer but must 'depend on the facts and circumstances of particular cases or classes thereof.' 425 U.S. at 410. Since the taxpayer's possession of his tax accountant's records in that case was undisputed and unlikely to incriminate him his production of the subpoenaed documents did not pose 'any realistic threat of incrimination.' 425 U.S. at 412. It is undoubtedly true, as the Court recognized, that

in most cases the possession and production of documents by the person subpoenaed would add 'little or nothing to the sum total of the Government's information.' 425 U.S. at 411. But the subpoenaed witness here has advanced a colorable claim that his formal testimonial admission by his production of the documents that he possesses them would tend to corroborate evidence that he misappropriated this evidence from Saxon; it would thus enable the government to argue in any criminal proceeding against him that his removal of the documents from the company's files amounted to a tacit admission that he had knowledge of their incriminating contents and absconded with them because he believed they were 'smoking gun' evidence of his guilt. Accordingly we remand the case to the district court to determine, after considering such relevant evidence as the parties may offer, whether appellant's production of the Saxon documents, regardless of their contents, might have the self-incriminatory effect ascribed thereto by appellant.

We note, however, that should production itself be potentially incriminatory, the government could either by stipulation or by obtaining a grant of immunity pursuant to 18 U.S.C. §§ 6002-6003, immunize the act of production; such immunity would preserve the appellant's Fifth Amendment rights with respect to his conduct in producing the documents, *Kastigar v. United States*, 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653 (1972)."

*In re Grand Jury Subpoenas Duces Tecum dated June 13, 1983 & June 22, 1983, supra*, 722 F.2d at 987-988.

Here, there is simply no evidence produced by the Government that (1) the sought documents exist; (2) that the documents sought are authentic; and/or (3) that Mr. Heath is in possession or control of any of the documents. This case is a far cry from *Sideman & Bancroft LLP* where the Government had already produced evidence that the documents existed and had been transferred to the party's attorney. In addition, there is no lawful authority to compel a single member managed LLC to produce records when such production would leave the factfinder to inevitably conclude that the member produced those records. Furthermore, the production of documents, if any exist, could be used by the State of California in its prosecution of Mr. Heath and a federal grant of immunity would be of no moment given the separate sovereigns doctrine. Thus, the Court should decline the

Government's invitation to extend the foregone conclusion exception beyond its lawful parameters.

### III. Notwithstanding II, This Court Lacks Jurisdiction Because The LLC Was Suspended At The Time Of The Filing Of The Bankruptcy

A suspended corporation cannot "function as a corporation and [is] incapable of exercising corporate powers for any business purpose." *McLaughlin Land & Livestock Co. v. Bank of America*, 94 F.2d 491, 493 (9th Cir. 1938). A suspended corporation is "shorn all rights save those expressly reserved by the statutes." *Boyle v. Lakeview Creamery Co.*, 68 P.2d 968, 970 (Cal. 1937). This includes the ability to prosecute and defend lawsuits. See *Ogden Martin Sys., Inc. v. San Bernadino County*, 932 F.2d 1284-1289 (9th Cir. 1991).

Here, if the Court concludes that Mr. Heath's Fifth Amendment rights do not extend to the Debtor LLC as it indicated at the status conference, then the analysis runs into a jurisdictional problem. The bankruptcy filing itself would be ineffectual and void, divesting the Court of jurisdiction. Thus, the Court should deny the motion to compel.

### CONCLUSION

For the foregoing reasons, the Defense requests that Court deny the motion and rescind the Rule 2004 Order.

Dated: 2/20/2020　　　　Respectfully submitted,

_____
Daniel J. Russo, For Real Party In Interest HEATH

REAL PARTY IN INTEREST'S OPPOSITION TO MOTION TO COMPEL