1                    UNITED STATES BANKRUPTCY COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                          (OAKLAND DIVISION)

4    In re:

5    BROOK STREET HOLDINGS LLC,          Case No. 19-41564

6                                        Chapter 7

7                                        Oakland, California
                                         February 19, 2020
8                                        2:18 p.m.
              Debtor.
9    _____/

10                     TRANSCRIPT OF PROCEEDINGS
                         STATUS CONFERENCE
11
                  BEFORE THE HONORABLE ROGER L. EFREMSKY
12                   UNITED STATES BANKRUPTCY JUDGE

13
     APPEARANCES:
14

15   For the Trustee:        SHIERKATZ
                             BY: JEREMY W. KATZ, ESQ.
16                           930 Montgomery Street #600
                             San Francisco, California 94133
17

18   For the U.S. Trustee:   OFFICE OF THE U.S. TRUSTEE
                             BY: TIMOTHY LAFFREDI, Asst. UST
19                           450 Golden Gate Ave. Rm. 05-0153
                             San Francisco, California 94102
20

21   Appearing for Mr. Russo: CASE LAW LTD.
                             BY: JEFFREY MENDELMAN, ESQ.
22                           580 California Street, 12th floor
                             San Francisco, California 94104
23

24

25

1 | APPEARANCES (CONTINUED):

2

3 | Court Recorder:          DAN SONDHEIM
                             UNITED STATES BANKRUPTCY COURT
                             1300 Clay Street
4 |                          Oakland, California 94612

5

6 | Transcription Service:   Jo McCall
                             Electronic Court
7 |                          Recording/Transcribing
                             2868 E. Clifton Court
8 |                          Gilbert, AZ 85295
                             Telephone: (480) 361-3790
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2    February 19, 2020                        2:18 p.m.

3                          -oOo-

4            THE COURT: Next is Line Item 5 in the matter of

5    Brook Street Holdings LLC, Case No. 19-41564.

6            MR. LAFFREDI: Good afternoon, Your Honor, Tim

7    Laffredi for the U.S. Trustee.

8            THE COURT: All right.  Good afternoon.

9            MR. MENDELMAN: Good afternoon, Your Honor.  With

10   the Court's leave, I'm Jeffrey Mendelman.  I would

11   specially appear or –- that's the State Court's term for

12   it –- but a limited temporary appearance for Mr. Russo.

13   He's in trial in Napa, and that's on behalf of Edwin Heath.

14           THE COURT: There's no such thing as a limited

15   appearance in Federal Court.  So you're either in or you're

16   out.  So are you appearing?

17           MR. MENDELMAN: Well, I'm not making –- I'm not

18   making a general appearance on behalf of Mr. Heath.  I'm

19   just here to answer any questions the Court may have.

20           THE COURT: So you're not here representing Mr.

21   Heath.  Mr. Russo isn't a litigant.

22           MR. MENDELMAN: Correct.

23           THE COURT: He is an attorney, so what is that

24   going to do for me?

25           MR. MENDELMAN: Your Honor, I just want to provide

1 any information that the Court would need with regard to

2 the status of --

3          THE COURT: I do have one question.  When is Mr.

4 Heath going to produce the documents that have been

5 requested to be produced on behalf of the estate?

6          MR. MENDELMAN: Your Honor, my understanding is

7 that he'll be filing an opposition to the request and

8 basically asserting the Fifth Amendment with regard to --

9          THE COURT: But the documents belong to the Brook

10 Street Holdings not to Mr. Heath who's taking The Fifth.

11 So how are you going to use The Fifth to refuse to

12 return -- for Mr. Heath to turn over documents that belong

13 to the estate?

14          MR. MENDELMAN: Well, Your Honor, the estate or

15 the LLC?

16          THE COURT: Well, Mr. Heath is taking The Fifth on

17 behalf of himself individually.  It is my understanding

18 he's not taking it on behalf of the LLC.

19          MR. MENDELMAN: Yes, I believe that is correct.

20          THE COURT: So he has to turn over documents that

21 belong to the LLC which have been requested by the United

22 States Trustee.  So if he's taking The Fifth -- just to

23 give you a heads up --

24          MR. MENDELMAN: Right.

25          THE COURT:  -- I've got a hearing on it.  I'm

1  most likely going to grant that motion, and then if he

2  doesn't turn over the documents within probably 24 hours,

3  I'm going to order him probably to be picked up by the U.S.

4  Marshals to come back to court and answer why he hasn't

5  turned them over, and if he doesn't turn them over, he's

6  going to be sitting himself in one of the Federal holding

7  facilities until he wishes to cooperate with the court.  At

8  least that's my tentative thoughts on it.  So Mr. Heath

9  needs to cooperate, and Mr. Russo needs to look at what

10  that Fifth Amendment protects and what it doesn't.  So with

11  that being said, it's my understanding the Chapter 7

12  Trustee is still marketing the property.

13          MR. KATZ: Sorry.  Let me make an appearance just

14  for the record.

15          THE COURT: Go ahead.

16          MR. KATZ: Jeremy Katz for the Trustee.

17          THE COURT: All right.  Thank you Mr. Katz.  It's

18  my understanding Mr. Mansfort (Phonetic) is still

19  attempting to sell the property.  He's got a broker

20  retained.  There's been some interest.  Some of the offers

21  have been a little bit lower, but he's still marketing it.

22          MR. KATZ: Correct.

23          THE COURT: The U.S. Trustee has requested

24  documents.  They have not been turned over yet, and there's

25  been a motion to compel that I think is set for March -- an

1  early March date.

2      MR. KATZ: March 4th, Your Honor.

3      THE COURT: All right. And so -- and then Mr.

4  Heath is taking The Fifth, and Mr. Heath can take it as to

5  answering questions himself, but to the extent that he's

6  got documents that belong to the LLC, he's got to turn

7  those over. Those are estate property and taking The Fifth

8  won't do him any good. He's the responsible individual.

9  He will be held accountable, and I really don't want to

10  have to do that, so that would be very helpful if he would

11  at least turn the estate documents over and then if he

12  wants to take The Fifth on a question by question basis

13  with regards to any type of deposition or in a 2004 exam,

14  that's his right.

15      MR. LAFFREDI: Just to update the Court, that

16  actually happened, Your Honor. We conducted an oral 2004

17  exam, and Mr. Heath invoked his Fifth Amendment rights.

18      THE COURT: But he didn't turn over the estate,

19  the documents --

20      MR. LAFFREDI: That's correct.

21      THE COURT: Okay. So that's the issue that's

22  going to be on the motion to compel. Okay? Any questions?

23      MR. MENDELMAN: Yes, Your Honor, just briefly.

24  Under Bankruptcy Rule 9006, subdivision (d), it says that

25  any opposition papers need to be filed a day before March

1   4th but counsel had indicated that there's a Local Rule that

2   may supersede that.  It says the opposition would have been

3   d today.  Does the Court have any --

4                THE COURT: I'm not giving legal advice.

5                MR. MENDELMAN: Sure.

6                THE COURT: Mr. Russo is representing.  Someone

7   needs to look at those rules, but --

8                MR. MENDELMAN: Sure.  Would the Court entertain a

9   belated filing or is it --

10                THE COURT: I'm not ruling on any of that today.

11   There's nothing before me, and I haven't looked at it, so

12   if it's late and there's an objection to it, we'll deal

13   with it then.

14                MR. MENDELMAN: Sure.

15                THE COURT: Okay?

16                MR. MENDELMAN: Thank you.

17                THE COURT: All right.  Anything else, gentlemen?

18   I was going to suggest putting this out for a further

19   status conference.  Mr. Laffredi, what do you suggest?

20                MR. LAFFREDI: Your Honor, I was going to suggest

21   maybe three months.  That would allow some time for the

22   Court to rule.  If the documents can be turned over, then

23   we can review it, and then a continued 2004 exam to ask

24   further questions about those documents.

25                THE COURT: Okay.  So why don't I -- let's do

1  this.  I've got a three-week trial starting in May, so May

2  is out.  Why don't we just put this over to July 15 at 2:00

3  o'clock.

4           MR. LAFFREDI: Sounds good, Your Honor.

5           THE COURT: Gentlemen, thank you.

6           ALL COUNSEL: Thank you, Your Honor.

7       (Whereupon, the proceedings are concluded at 2:24

8  p.m.)

9

10

11

12

13                CERTIFICATE OF TRANSCRIBER

14

15

16       I certify that the foregoing is a correct

17    transcript from the digital sound recording of the

18    proceedings in the above-entitled matter.

19

20    DATED: February 24, 2020

21

22                         By:    /s/ Jo McCall

23

24

25