NICHOLAS STROZZA (SBN 117234)
Assistant United States Trustee
TIMOTHY S. LAFFREDI (WI Bar No. 1055133)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3339
Facsimile: (415) 705-3379
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re<br>**BROOK STREET HOLDINGS LLC,**<br><br>Debtor. | Case No. 19-41564 RLE<br><br>Chapter 7<br><br>Date: March 4, 2020<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 201<br>1300 Clay Street<br>Oakland, CA 94612<br><br>Honorable Roger L. Efremsky |

**REPLY TO EDWIN HEATH'S OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO COMPEL COMPLIANCE WITH THE ORDER FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS**

Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), by and through her undersigned counsel, hereby replies to Edwin Heath's Opposition to her Motion to Compel Compliance with the Order for Rule 2004 Examination and Production of Documents ("Reply", "Opposition", and "Motion to Compel").

This Reply is made and based upon the following points and authorities.

## I. <u>Points and Authorities[1]</u>

1. On February 20, 2020,[2] Edwin Heath ("Mr. Heath") filed an Opposition in response to the United States Trustee's Motion to Compel Compliance with the Order for Rule 2004 Examination and Production of Documents. ECF No. 67. Under Bankruptcy Local Rule 9014-1(c)(1), the deadline to file a reply to a filed opposition is at least 7 days prior to the actual scheduled hearing date. The hearing in this matter is set for March 4, 2020, therefore this reply is timely.

2. In his response, Mr. Heath argues two substantive points: (1) that he has a Fifth Amendment right to not produce the documents listed in the Bankruptcy Court's Rule 2004 Order; and (2) that the Bankruptcy Court lacks jurisdiction in this matter because the Debtor, Brook Street Holdings LLC, was suspended at the time of filing of the bankruptcy.

### A. Mr. Heath's Fifth Amendment Argument Does Not Excuse his Failure to Comply with the Court's Rule 2004 Order

3. With regard to his first substantive argument, Mr. Heath mistakenly argues that the US Trustee's alleged failure to meet the standards of the Fifth Amendment "foregone conclusion doctrine" justifies his failure to produce the documents itemized in the Bankruptcy Court's Order for Rule 2004 Examination and to Produce Documents ("Rule 2004 Order"). The "foregone conclusion" doctrine is a limited exception to the Fifth Amendment privilege which requires a movant seeking to compel production to demonstrate that the documents requested (1) exist, (2) are authentic, and (3) are possessed or controlled by the respondent. *United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197, 1202 (9th Cir. 2013) (quoting United States v. Bright, 596 F.3d 683, 690 (9th Cir. 2010)). If these three elements are met, granting a motion to compel doesn't violate the respondent's right against self-incrimination because the disclosure of the materials are

---

[1] The United States Trustee incorporates herein all the factual assertions made in the Motion to Compel, ECF No. 61.

[2] Pursuant to Bankruptcy Local Rule 9014-1(c)(1), Mr. Heath's response to the Motion was due 14 days prior to the hearing, or February 19, 2020. Accordingly, despite Mr. Heath's assertion to the contrary, his opposition to the Motion is untimely.

deemed a "foregone conclusion." *United States v. Bright*, 596 F.3d 683, 692-693 (9th Cir. 2010). This doctrine is an exception to the Fifth Amendment, not an exception to document production entirely. Thus, before the foregone conclusion doctrine becomes applicable, the respondent must establish that the documents are protected by the Fifth Amendment.

4. Mr. Heath cites *United States v. Sideman Bancroft, LLP* extensively in his response, but fails to recognize that in *Sideman and Bancroft, LLP*, the Court first determined whether production of the documents in question would violate the respondent's Fifth Amendment rights before applying the foregone conclusion doctrine. *United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197, 1202 (9th Cir. 2013). Therefore, in order for Mr. Heath's argument regarding the foregone conclusion doctrine to apply in this case, he must first establish that producing the required documents would violate his Fifth Amendment rights.

5. As stated in the Motion to Compel, the US Trustee is requesting that Mr. Heath produce the requested documents and information unless he demonstrates that his refusal to comply with each request is proper. Mr. Heath did not object to the Rule 2004 Motion, did not seek reconsideration of the Rule 2004 Order, and did not appeal the Rule 2004 Order. *See* Docket. The Opposition is the first time Mr. Heath formally asserts an excuse for his failure to produce documents. *Id.* Mr. Heath attempts to argue that United States Trustee somehow now carries a burden to prove that certain standard corporate documents exist before he can be compelled to comply with an existing Order of the Court. Mr. Heath misunderstands the holding of *United States v. Sideman Bancroft, LLP*, and has failed to provide any justification for his blatant disregard for the Order of this Court.

**B. The Debtor's Suspended Status Does Not Have Any Impact on the Bankruptcy Court's Jurisdiction.**

6. With regard to his jurisdictional argument, Mr. Heath incorrectly argues that because the Debtor's corporate status with the State of California was "suspended," the Debtor was prohibited from filing the bankruptcy case. As explained in *In re Feature Homes, Inc.*, "such


Case: 19-41564 Doc# 72 Filed: 02/26/20 Entered: 02/26/20 16:36:41 Page 3 of 4

an interpretation would impermissibly turn the priority scheme underlying the Bankruptcy Code on its head by allowing states to expressly condition an entity's right to file a petition in bankruptcy upon the satisfaction of their prepetition claims. Such a result was obviously not contemplated or intended by Congress." *In re Feature Homes, Inc.*, 116 B.R. 731, 733 (Bankr. E.D. Cal. 1990). The jurisdictional objection in *Feature Homes, Inc.*, made a similar argument to Mr. Heath's argument that a "suspended" corporation is stripped of all its rights and its ability to operate. *Id.* In *Feature Homes, Inc.*, the Bankruptcy Court found that revocation of a corporate entity's right to enter into enforceable contracts and to protect itself in state court does not affect the entity's right to file for protection under the Bankruptcy Code. *Id.* Accordingly, the Debtor's suspended status under state law does not impact its ability to file a bankruptcy case, and Mr. Heath's argument is erroneous.

**II. <u>Conclusion</u>**

For the foregoing reasons, the Court should reject Mr. Heath's argument and grant the United States Trustee's Motion to Compel.

Dated: February 26, 2020

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: <u>/s/ *Trevor R. Fehr*</u>
Trevor R. Fehr
Trial Attorney for the United States Trustee



Case: 19-41564 Doc# 72 Filed: 02/26/20 Entered: 02/26/20 16:36:41 Page 4 of 4