```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF CALIFORNIA
                          (OAKLAND DIVISION)

In re:

BROOK STREET HOLDINGS LLC,          Case No. 19-41564

                                    Chapter 7

                                    Oakland, California
                                    March 4, 2020
                                    2:04 p.m.
          Debtor.
_____/

                    TRANSCRIPT OF PROCEEDINGS
    UST'S MOTION FOR AN ORDER COMPELLING COMPLIANCE WITH THE
 ORDER FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS
                 OPPOSITION FILED BY EDWIN HEATH

              BEFORE THE HONORABLE ROGER L. EFREMSKY
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the U.S. Trustee:    OFFICE OF THE U.S. TRUSTEE
                         BY: TREVOR FEHR, TRIAL ATTORNEY
                         280 South First Street, Ste.268
                         San Jose, California 95113


For Jerry Edwin Heath:   MAAS & RUSSO, LLP
                         BY: DANIEL J. RUSSO, ESQ.
                         521 Georgia Street
                         Vallejo, California 94590
```

```
 1  APPEARANCES (CONTINUED):

 2
    Court Recorder:          PHYLLIS WRIGHT
 3                           UNITED STATES BANKRUPTCY COURT
                             1300 Clay Street
 4                           Oakland, California 94612

 5

 6  Transcription Service:   Jo McCall
                             Electronic Court
 7                           Recording/Transcribing
                             2868 E. Clifton Court
 8                           Gilbert, AZ 85295
                             Telephone: (480) 361-3790
 9
```

|   |   |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | March 4, 2020                                  2:04 p.m. |
| 3 | -oOo- |

4    THE COURT: The remaining matter on calendar is
5 Line Item 5 in the matter of <u>Brook Street Holdings LLC</u>,
6 Case No. 19-41564. This is the U.S. Trustee's Motion for
7 an Order Compelling Compliance with the Order for Rul3 2004
8 Examination and Production of Documents and Opposition
9 Filed by Mr. Heath.
10    MR. RUSSO: Good afternoon, Your Honor, Daniel
11 Russo for Mr. Heath.
12    THE COURT: All right. Good afternoon, Mr. Russo.
13    MR. FEHR: Good afternoon, Your Honor, Trevor Fehr
14 on behalf of the United States Trustee.
15    THE COURT: All right. Good afternoon, Mr. Fehr.
16 All right. I have reviewed the papers. Mr. Fehr, do you
17 have anything you wish to add?
18    MR. FEHR: Just that we still have not received
19 any of the documents required by the Bankruptcy Court's
20 order.
21    THE COURT: All right. Mr. Russo?
22    MR. RUSSO: Yes. If I might, I just have some
23 questions to try to figure out how to do this if the Court
24 decides to compel discovery.
25    THE COURT: Okay.

1       MR. RUSSO: So some of the language to me, it just
2  makes me a little bit nervous.  Mr. Heath has to
3  demonstrate propriety and I'm kind of confused as to what
4  that exactly is, and --
5       THE COURT: I don't understand your question,
6  propriety.
7       MR. RUSSO: Well, that was actually in the
8  language.
9       THE COURT: Okay.
10      MR. RUSSO: So let me just get to that.  If the
11 Court orders me to compel -- orders my client to compel, if
12 I submit, will it satisfy the Court's order if I submit a
13 declaration under penalty of perjury as to the documents
14 from my client, and does the Court feel -- I have to kind
15 of do it under compulsion, I think, because otherwise I
16 think that's a waiver of Fifth Amendment privileges.
17      THE COURT: Okay.
18      MR. RUSSO: And so we may disagree on that, and
19 the Court may not find that, so what I'm asking, to come to
20 the point, is, you have to make an order, a personal order
21 to me saying we have to -- we request these documents, and
22 I'm asking if a declaration under penalty of perjury as to
23 those documents will satisfy counsel, and then secondary --
24      THE COURT: Turning over the documents as well.
25      MR. RUSSO: Yes.

THE COURT: Right.

MR. RUSSO: Yeah. And secondary, if that is so, does the Court consider that a waiver of Fifth Amendment privileges.

THE COURT: Okay. Let me walk you through --

MR. RUSSO: Sure.

THE COURT: -- the Code and the Rules of what Mr. Heath's responsibility is. I understand that Mr. Heath is a hundred percent owner of the LLC.

MR. RUSSO: That's my understanding as well.

THE COURT: And as such, under 11 USC Section 521, Debtor's Duties, (a): "The Debtor shall..." and subsection (4): "If a trustee is serving..." in this case which we do have, they have to surrender to the trustee:

> "... all property of the estate and any recorded information including books, documents, records and papers relating to property of the estate, whether or not immunity is granted under Section 344 of this title..."

which is not something I'm going to do here. (2):

> "Property of the estate includes all legal or equitable interest of the debtor in property at the commencement of the case."

That's under 11 USC Section 541, "Property of the Estate."

> "Debtor also has a duty under Rule 2015, duty to

> keep records, make reports, and give notice of
> case or change of status."

In a Chapter 7 liquidation case:

> "The debtor is required to transmit to the
> United States Trustee a complete inventory of the
> property of the debtor within 30 days after
> qualifying as a debtor in possession."

Which we have here. So my understanding from the United States Trustee that Mr. Heath as the responsible individual for the Debtor, Brook Street Holdings, LLC, the documents in question belong to the LLC not to Mr. Heath. Mr. Heath simply has a membership interest that he apparently owns outright, from what I understand. That may or may not be the case, but that's my understanding. So the property he's being ask to turn over is not his property but that of the estate, which is Brooks Street LLC.

Again, from what I understand from the United States Trustee that Mr. Heath has not complied with his 521 duties as well as his duties under Rule 2015. Also, the Debtor has a duty under Rule 4002:

> "In general, in addition to performing other
> duties proscribed by the Code..."

Which I've articulated previously...

> "... the Debtor has a duty to inform the Trustee
> immediately in writing as to the location of real

1  property in which the debtor has an interest and
2  the names and addresses of every person holding
3  money or property subject to the debtor's
4  withdrawal or order if the scheduled property has
5  not yet been filed pursuant to Rule 1007."
6 Which that has not happened here. And additionally under
7 Rule 4002, he:
8  "... has a duty to cooperate with the trustee in
9  the preparation of an inventory."
10 So if you were -- and I am going to order the documents to
11 be produced. I'm not doing this as a waiver of Mr. Heath's
12 Fifth Amendment rights. He is simply complying with his
13 responsibilities as the responsible individual on behalf of
14 Brook Street Holdings, LLC. So provide a declaration that
15 says, here are all the books and records, more importantly,
16 an inventory of any assets, and that can be like physical
17 address, if there's bank accounts, things along those
18 lines, but he has to account for any and all of that.
19     I'm limited this to Brook Street Holdings, LLC.
20 I'm not going beyond that. I know there was a request for
21 additional documents, but I'm going to limit this to Brook
22 Street Holdings, LLC. But I want to put on the record,
23 this Court does not view this as a waiver of Mr. Heath's
24 individual Fifth Amendment rights. Okay?
25     MR. RUSSO: Okay. I think that answers my issue.

```
 1  And then -- now I apologize to the Court --
 2              THE COURT: It's okay.
 3              MR. RUSSO: Is it possible to obtain a transcript
 4  of the Court's ruling just so that when I sit down with my
 5  client --
 6              THE COURT: Yes.  This will be on line -- it'll go
 7  up in, what, about 72 hours?
 8              MR. RUSSO: Oh, that's great.
 9              COURTROOM DEPUTY: Tomorrow.
10              THE COURT: Tomorrow.  It'll be up tomorrow.  So
11  you can literally listen in and have a legal assistant
12  transcribe it.  And if you want to, you can actually order
13  a disc, but it's --
14              MR. RUSSO: No.  If I can listen in, I can make a
15  transcript, because I want to be able to clearly
16  communicate the Court's reasoning and thinking to my
17  client.
18              THE COURT: Okay.  What I'm going to order is Mr.
19  Heath is to appear here -- today is the 4th -- I want
20  these -- if the documents aren't turned over by March 13th,
21  he is to appear here in court on March 18th at 1:30 -- or
22  excuse me, at 2:00 o'clock.  Okay?  And if there's
23  compliance with that, the U.S. Trustee can simply upload a
24  declaration saying that at least at this time, the Trustee
25  believes there's been full compliance, and if there's a
```

Case: 19-41564    Doc# 77    Filed: 03/09/20    Entered: 03/09/20 12:36:32    Page 8 of 16

1  problem and we have missing documents, we can deal with
2  this later, but if I get that declaration from you, Mr.
3  Fehr or someone from your office, that matter will drop
4  from calendar.
5      MR. RUSSO: And I'm actually on a matter in New
6  York on the 18th, but I'll have someone -- I can have
7  someone who's admitted to Federal Court appear.
8      THE COURT: Okay. Perfect. Mr. Russo, thank you
9  very much. And let me just -- the other issue I think you
10 raised also is this question about the fact that it's a
11 suspended LLC. Under bankruptcy law, the U.S. Trustee
12 cites to the case that really deals with this issue. It's
13 In re Future Homes, Inc., that the Court found that the
14 revocation of a corporate entity's rights to enter into
15 enforceable contracts to protect itself from State Court
16 does not affect the entity's right to file for protection
17 in the bankruptcy. So this bankruptcy is going to stay in
18 effect. Okay?
19     MR. RUSSO: Okay.
20     MR. FEHR: Your Honor, I had a couple of
21 questions.
22     THE COURT: Sure.
23     MR. FEHR: Okay. So what was the deadline for the
24 production of documents again?
25     THE COURT: By the 13th.

```
 1                MR. FEHR: Okay.  And then --
 2                THE COURT: And the reason I'm doing that is I
 3    want to give Mr. Russo an opportunity to get the transcript
 4    so he can sit down with Mr. Heath and explain the Court's
 5    ruling to him.  But in the interim, I would hope that he'd
 6    start putting the books and records and an inventory of all
 7    of the assets as well.
 8                MR. RUSSO: Yeah.  My -- I'm just going to voice
 9    my concern to the Court.  I'll do everything in an
10    expeditious matter, and I'll obey the Court's order to the
11    line.  I don't know if Mr. Heath has those documents, so
12    I've got to make sure that --
13                THE COURT: Anything that's in his care, custody
14    or control, so if he's given them to an attorney or
15    anything else, he has a duty to get the documents back.
16    The only people I know that have communicated with Mr.
17    Heath are Mr. Schwartz and Mr. Kelvin.
18                MR. RUSSO: And, Your Honor, not that this is the
19    Court's problem, but they are, in a very liberal statement,
20    very unusual individuals.
21                THE COURT: I would say that's an understatement.
22    (Laughing.)
23                MR. RUSSO: Right.  So I may have a little bit of
24    a struggle.  Mr. Schwartz is disbarred.
25                THE COURT: I understand that, and I'm still
```

```
 1  dealing with issues that I've got in this matter that I'm
 2  going to be making another referral with regards to what
 3  Mr. Schwartz has done or not done.  But let me add this to
 4  help you with communicating with Mr. Heath.  If Mr. Heath
 5  doesn't comply with this Court order, he has to appear here
 6  on the 18th.
 7            MR. RUSSO: Oh, I understand.
 8            THE COURT: And if he doesn't produce the
 9  documents, I will likely do one of two things, given the
10  very short window period to fully comply or I will have the
11  United States Marshal take him into custody until he
12  complies, and I don't want to do that.  I've done that in
13  the past, unfortunately several times.  I won't hesitate to
14  do it, but I'm hoping that he'll just simply produce the
15  documents, and we'll be able to move on.
16            MR. RUSSO: Well, not to sound even more ignorant
17  than necessary, just my cursory research seems to be, the
18  non-compliance is a civil contempt and not a criminal
19  contempt.
20            THE COURT: And it would be purely civil.
21            MR. RUSSO: Okay.  Thank you.
22            THE COURT: And I'm very clear on the difference,
23  and again, I also respect Mr. Heath's Fifth Amendment
24  rights, but again, in order for the bankruptcy, there are
25  requirements that he has to respond to the production of
```

12

1  these documents.  And my suggestion, Mr. Russo, if there's
2  an issue about where they came from, my suggestion would be
3  Mr. Heath simply -- or wherever they come from -- turns
4  them over to an attorney who turns them over to the UST and
5  then if they say, well, where did you get these, you can
6  say, attorney-client work product privilege.
7          MR. RUSSO: Yeah.  Well, and you know, I really
8  appreciate the Court's patience in this matter, but that's
9  probably what's likely to happen, you know.  I'm not doing
10 a psychic prediction but dealing with those other counsel
11 has been extremely difficult.
12         THE COURT: Understood.
13         MR. RUSSO: And I'm being diplomatic.
14         THE COURT: All right.  Thank you.
15         MR. FEHR: Your Honor, I have one more question.
16 I apologize.
17         THE COURT: Yes.
18         MR. FEHR: So the ruling today is enforcing the
19 documents required under the sections that were stated on
20 the record or specific items from the Court's order ...
21         THE COURT: What I'm ordering today is compliance
22 with what's been requested under the 2004 exam, but I also
23 want to nip in the bud that the sections that I've cited
24 to, there has to be compliance with.  So if he gives a
25 declaration that says here are all the books and records

Case: 19-41564    Doc# 77    Filed: 03/09/20    Entered: 03/09/20 12:36:32    Page 12 of 16

13

that I don't have in my care, custody or control and additionally here are all the assets, where they are, real property, which we know about the property here in Oakland that the Trustee, the Chapter 7 Trustee, is attempting to sell, but if there's any other property or any other assets, he needs to account for that as well. And this is only as to Brook Street Holdings, LLC. I'm not going to go beyond that.

MR. FEHR: And that's my -- I think that partially addresses my questions, but the Rule 2004 order has a list of documents. Should there be an item by item addressing on each document whether it's being --

THE COURT: My suggestion would be, you made a request. Whether those documents exist, Mr. Heath, as counsel said, there's going to be a declaration ideally that will address, here are all the books and records that I have in my care, custody or control, or if I'm aware of other documents that I don't have care, custody or control of, to identify those documents and advise who has them. Okay?

MR. RUSSO: Who has them. Yeah. Not a problem.

MR. FEHR: Okay.

THE COURT: I want to get this done so that Mr. Heath complies and we move on. Okay. Very good.

MR. FEHR: Thank you, Your Honor.

1    MR. RUSSO: Thank you, Your Honor.

2    THE COURT: Okay, thank you gentlemen. It was a
3 pleasure meeting you.

4    MR. RUSSO: I really appreciate the Court's
5 patience.

6    THE COURT: You're welcome.

7    (There's a break on the audio. Don't know what
8 happened.)

9    THE COURT: At this junction, I'm not ordering
10 them to be produced. I'm just limiting this to this
11 particular entity.

12    MR. FEHR: And is there any basis for the
13 distinction, just the rule cited previously?

14    THE COURT: Because the only party -- the only
15 entity I have in play right now is Brooks Street Holdings.
16 The other entities have been dismissed -- the cases have
17 been dismissed, and at this juncture until we see these
18 documents, it's not to say that I might not order those but
19 at this juncture, I'm not willing to do that. So I'm
20 just -- so what I'm simply saying is that at this juncture,
21 I'm not ordering any other documents, other than of Brook
22 Street Holdings, LLC.

23    MR. FEHR: Okay. But the Rule 2004 order required
24 those documents, correct?

25    THE COURT: And I'm saying I'm not ordering those

1 to be produced at this juncture.

2     MR. FEHR: Okay.

3     THE COURT: But I'm not saying I wouldn't in the
4 future.  If there's cause, it likely would be appropriate.
5 Under these circumstances and everything that has gone on
6 in this case, I want to just take this is small steps, get
7 compliance with the Debtor that we have before the Court
8 right now.

9     MR. FEHR: Okay.  And therefore this motion is
10 being continued to the 18th?

11     THE COURT: To the 18th, and then at that point, if
12 you want to renew your request, I want to see if there's
13 compliance and then we'll go from there.  Okay?

14     MR FEHR: Okay.  Thank you, Your Honor.

15     THE COURT: All right.  Thank you.

16   (Whereupon, the proceedings are concluded at 2:19
17 p.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a correct transcript from the digital sound recording of the proceedings in the above-entitled matter.

DATED: March 6, 2020

By: /s/ Jo McCall