NICHOLAS STROZZA (SBN 117234)
Assistant United States Trustee
TIMOTHY S. LAFFREDI (WI Bar No. 1055133)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3339
Facsimile: (415) 705-3379
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re<br>**BROOK STREET HOLDINGS LLC**,<br>Debtor. | Case No. 19-41564 RLE<br>Chapter 7<br>Date: March 18, 2020<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 201<br>1300 Clay Street<br>Oakland, CA 94612<br>Honorable Roger L. Efremsky |

**UNITED STATES TRUSTEE'S STATEMENT AND RESERVATION OF RIGHTS
AHEAD OF CONTINUED HEARING**

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby submits this Statement Ahead of the Continued Hearing on the United States Trustee's Motion for Order to Compel Compliance with the Order for Rule 2004 Examination and Production of Documents:

///

**Hearing on the Motion to Compel**

1. On October 9, 2019, the United States Trustee filed a Motion for Rule 2004 Examination and for Production of Documents, requesting that the Court require Edwin Heath to appear for examination and to produce documents and information related to the bankruptcy filing. ECF No. 37.

2. On October 11, 2019, the Court entered an Order for Rule 2004 Examination and to Produce Documents (the "Rule 2004 Order"). ECF No. 39.

3. On February 4, 2020, the United States Trustee filed a Motion for an Order Compelling Compliance with the Order for Rule 2004 Examination and Production of Documents (the "Motion to Compel") and set if for hearing on March 4, 2020 at 2:00 p.m. ECF Nos. 61 *and* 62.

4. At the hearing, the Bankruptcy Court granted the Motion to Compel and ordered Edwin Heath to produce documents no later than March 13, 2020. *See* Docket. A copy of the Transcript of Proceedings from March 4, 2020, is attached as Exhibit A ("Hearing Transcript"). Judge Efremsky instructed Mr. Heath to "give a declaration that says here are all the books and records that I don't have in my care, custody, or control and additionally here are all the assets, where they are, real property…if there's any real property or any other assets, he needs to account for that is as well." Hearing Transcript, p. 12-13. Judge Efremsky also stated "there's going to be a declaration ideally that will address, here are all the books and records I have in my care, custody or control, or if I'm aware of other documents that I don't have care, custody or control of, to identify those documents and advise who has them." *Id*. at 13.

**Response Received on March 13, 2020**

5. On March 13, 2020, the Office of the United States Trustee received a letter from Daniel J. Russo at Maas & Russo, LLP via email. A copy of the Letter from Maas & Russo, LLP,

is attached as Exhibit B ("Letter"). The only document provided was a copy of the Brook Street Holdings, LLC "Operating Agreement" signed by Edwin J. Heath and dated June 1, 2018. *Id*.

6. In response to the remaining required documents, the letter states: "Unable to obtain, never in his care, custody or control." *Id*. The letter further states that Mr. Heath never personally prepared tax returns, balance sheets, bank accounts, insurance, or payments to attorneys. The only statements regarding Mr. Heath's personal knowledge of the existence of documents is that he claims to not have any personal knowledge of (1) any agreements between the Debtor and any attorneys; and (2) a list of payments to attorneys.

7. The letter did not provide any form of declaration from Mr. Heath, or information regarding whether Mr. Heath is aware of the existence of Brook Street Holdings, LLC's assets, books, or records. The letter also failed to address whether Mr. Heath is aware of any document that he does not have care or custody of, or whether any other individuals or entities possess any of the required documents.

8. Willful failure to comply with an order requiring the production of documents under Rule 2004 may be cause to find the noncompliant party in contempt of the court. *In re Continuum Care Services*, 375 B.R. 692, 694 (Bankr. S.D. Fla. 2007). "Civil contempt consists of a party's disobedience of a specific and definite court order by failing to take all reasonable steps within the party's power to comply." *Brace v. Speier (In re Brace)*, 2019 Bankr. LEXIS 80, at *18-19 (B.A.P. 9th Cir. Jan. 11, 2019) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993)); *see also Weimar Invs., Inc. v. First Fin. Bank, N.A. (In re Pekrul)*, 2013 Bankr. LEXIS 4668, at *11-12 (B.A.P. 9th Cir. July 22, 2013). A finding of civil contempt may be grounds for sanctions to force compliance. *See Rediger Invs. Corp. v. H Granados Communs., Inc. (In re H Granados Communs., Inc.)*, 503 B.R. 726, 736 (B.A.P. 9th Cir. 2013)

9. Based on the instructions given by the Bankruptcy Court, it appears that Mr. Heath has not entirely complied with the Bankruptcy Court's order. The United States Trustee requests that these issues be discussed and addressed at the continued hearing set for March 18, 2020.

10. The United States Trustee reserves the right to supplement this statement and to supplement the Motion to Compel.

Dated: March 17, 2020

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ *Trevor R. Fehr*
    Trevor R. Fehr
    Trial Attorney for the United States Trustee