**Exhibit A**

Exhibit A

```
 1              UNITED STATES BANKRUPTCY COURT

 2             NORTHERN DISTRICT OF CALIFORNIA

 3                   (OAKLAND DIVISION)

 4   In re:

 5   BROOK STREET HOLDINGS LLC,        Case No. 19-41564

 6                                     Chapter 7

 7                                     Oakland, California
                                       March 4, 2020
 8                                     2:04 p.m.
             Debtor.
 9   _____/

10                 TRANSCRIPT OF PROCEEDINGS
     UST'S MOTION FOR AN ORDER COMPELLING COMPLIANCE WITH THE
11   ORDER FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS
                OPPOSITION FILED BY EDWIN HEATH
12
              BEFORE THE HONORABLE ROGER L. EFREMSKY
13                UNITED STATES BANKRUPTCY JUDGE

14   APPEARANCES:

15   For the U.S. Trustee:   OFFICE OF THE U.S. TRUSTEE
                             BY: TREVOR FEHR, TRIAL ATTORNEY
16                           280 South First Street, Ste.268
                             San Jose, California 95113
17

18
     For Jerry Edwin Heath:  MAAS & RUSSO, LLP
19                           BY: DANIEL J. RUSSO, ESQ.
                             521 Georgia Street
20                           Vallejo, California 94590

21

22

23

24

25
```

```
1    APPEARANCES (CONTINUED):

2
     Court Recorder:           PHYLLIS WRIGHT
3                              UNITED STATES BANKRUPTCY COURT
                               1300 Clay Street
4                              Oakland, California 94612

5

6    Transcription Service:    Jo McCall
                               Electronic Court
7                              Recording/Transcribing
                               2868 E. Clifton Court
8                              Gilbert, AZ 85295
                               Telephone: (480) 361-3790
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1 P R O C E E D I N G S

2 March 4, 2020                          2:04 p.m.

3                          -oOo-

4          THE COURT: The remaining matter on calendar is

5 Line Item 5 in the matter of <u>Brook Street Holdings LLC</u>,

6 Case No. 19-41564.  This is the U.S. Trustee's Motion for

7 an Order Compelling Compliance with the Order for Rul3 2004

8 Examination and Production of Documents and Opposition

9 Filed by Mr. Heath.

10          MR. RUSSO: Good afternoon, Your Honor, Daniel

11 Russo for Mr. Heath.

12          THE COURT: All right.  Good afternoon, Mr. Russo.

13          MR. FEHR: Good afternoon, Your Honor, Trevor Fehr

14 on behalf of the United States Trustee.

15          THE COURT: All right.  Good afternoon, Mr. Fehr.

16 All right.  I have reviewed the papers.  Mr. Fehr, do you

17 have anything you wish to add?

18          MR. FEHR: Just that we still have not received

19 any of the documents required by the Bankruptcy Court's

20 order.

21          THE COURT: All right.  Mr. Russo?

22          MR. RUSSO: Yes.  If I might, I just have some

23 questions to try to figure out how to do this if the Court

24 decides to compel discovery.

25          THE COURT: Okay.

1    MR. RUSSO: So some of the language to me, it just

2 makes me a little bit nervous.  Mr. Heath has to

3 demonstrate propriety and I'm kind of confused as to what

4 that exactly is, and --

5    THE COURT: I don't understand your question,

6 propriety.

7    MR. RUSSO: Well, that was actually in the

8 language.

9    THE COURT: Okay.

10    MR. RUSSO: So let me just get to that.  If the

11 Court orders me to compel -- orders my client to compel, if

12 I submit, will it satisfy the Court's order if I submit a

13 declaration under penalty of perjury as to the documents

14 from my client, and does the Court feel -- I have to kind

15 of do it under compulsion, I think, because otherwise I

16 think that's a waiver of Fifth Amendment privileges.

17    THE COURT: Okay.

18    MR. RUSSO: And so we may disagree on that, and

19 the Court may not find that, so what I'm asking, to come to

20 the point, is, you have to make an order, a personal order

21 to me saying we have to -- we request these documents, and

22 I'm asking if a declaration under penalty of perjury as to

23 those documents will satisfy counsel, and then secondary --

24    THE COURT: Turning over the documents as well.

25    MR. RUSSO: Yes.

1          THE COURT: Right.

2          MR. RUSSO: Yeah.  And secondary, if that is so,

3  does the Court consider that a waiver of Fifth Amendment

4  privileges.

5          THE COURT: Okay.  Let me walk you through --

6          MR. RUSSO: Sure.

7          THE COURT:  -- the Code and the Rules of what Mr.

8  Heath's responsibility is.  I understand that Mr. Heath is

9  a hundred percent owner of the LLC.

10          MR. RUSSO: That's my understanding as well.

11          THE COURT: And as such, under 11 USC Section 521,

12  Debtor's Duties, (a): "The Debtor shall..." and subsection

13  (4): "If a trustee is serving..." in this case which we do

14  have, they have to surrender to the trustee:

15                "... all property of the estate and any recorded

16                information including books, documents, records

17                and papers relating to property of the estate,

18                whether or not immunity is granted under Section

19                344 of this title..."

20  which is not something I'm going to do here.  (2):

21                "Property of the estate includes all legal or

22                equitable interest of the debtor in property at

23                the commencement of the case."

24  That's under 11 USC Section 541, "Property of the Estate."

25                "Debtor also has a duty under Rule 2015, duty to

1              keep records, make reports, and give notice of

2              case or change of status."

3 In a Chapter 7 liquidation case:

4              "The debtor is required to transmit to the

5              United States Trustee a complete inventory of the

6              property of the debtor within 30 days after

7              qualifying as a debtor in possession."

8 Which we have here.  So my understanding from the United

9 States Trustee that Mr. Heath as the responsible individual

10 for the Debtor, Brook Street Holdings, LLC, the documents

11 in question belong to the LLC not to Mr. Heath.  Mr. Heath

12 simply has a membership interest that he apparently owns

13 outright, from what I understand.  That may or may not be

14 the case, but that's my understanding.  So the property

15 he's being ask to turn over is not his property but that of

16 the estate, which is Brooks Street LLC.

17        Again, from what I understand from the United

18 States Trustee that Mr. Heath has not complied with his 521

19 duties as well as his duties under Rule 2015.  Also, the

20 Debtor has a duty under Rule 4002:

21              "In general, in addition to performing other

22              duties proscribed by the Code..."

23 Which I've articulated previously...

24              "... the Debtor has a duty to inform the Trustee

25              immediately in writing as to the location of real

1            property in which the debtor has an interest and

2            the names and addresses of every person holding

3            money or property subject to the debtor's

4            withdrawal or order if the scheduled property has

5            not yet been filed pursuant to Rule 1007."

6 Which that has not happened here. And additionally under

7 Rule 4002, he:

8            "... has a duty to cooperate with the trustee in

9            the preparation of an inventory."

10 So if you were -- and I am going to order the documents to

11 be produced. I'm not doing this as a waiver of Mr. Heath's

12 Fifth Amendment rights. He is simply complying with his

13 responsibilities as the responsible individual on behalf of

14 Brook Street Holdings, LLC. So provide a declaration that

15 says, here are all the books and records, more importantly,

16 an inventory of any assets, and that can be like physical

17 address, if there's bank accounts, things along those

18 lines, but he has to account for any and all of that.

19       I'm limited this to Brook Street Holdings, LLC.

20 I'm not going beyond that. I know there was a request for

21 additional documents, but I'm going to limit this to Brook

22 Street Holdings, LLC. But I want to put on the record,

23 this Court does not view this as a waiver of Mr. Heath's

24 individual Fifth Amendment rights. Okay?

25       MR. RUSSO: Okay. I think that answers my issue.

1  And then -- now I apologize to the Court --

2          THE COURT: It's okay.

3          MR. RUSSO: Is it possible to obtain a transcript

4  of the Court's ruling just so that when I sit down with my

5  client --

6          THE COURT: Yes.  This will be on line -- it'll go

7  up in, what, about 72 hours?

8          MR. RUSSO: Oh, that's great.

9          COURTROOM DEPUTY: Tomorrow.

10          THE COURT: Tomorrow.  It'll be up tomorrow.  So

11  you can literally listen in and have a legal assistant

12  transcribe it.  And if you want to, you can actually order

13  a disc, but it's --

14          MR. RUSSO: No.  If I can listen in, I can make a

15  transcript, because I want to be able to clearly

16  communicate the Court's reasoning and thinking to my

17  client.

18          THE COURT: Okay.  What I'm going to order is Mr.

19  Heath is to appear here -- today is the 4th -- I want

20  these -- if the documents aren't turned over by March 13th,

21  he is to appear here in court on March 18th at 1:30 -- or

22  excuse me, at 2:00 o'clock.  Okay?  And if there's

23  compliance with that, the U.S. Trustee can simply upload a

24  declaration saying that at least at this time, the Trustee

25  believes there's been full compliance, and if there's a

1 problem and we have missing documents, we can deal with

2 this later, but if I get that declaration from you, Mr.

3 Fehr or someone from your office, that matter will drop

4 from calendar.

5        MR. RUSSO: And I'm actually on a matter in New

6 York on the 18th, but I'll have someone -- I can have

7 someone who's admitted to Federal Court appear.

8        THE COURT: Okay.  Perfect.  Mr. Russo, thank you

9 very much.  And let me just -- the other issue I think you

10 raised also is this question about the fact that it's a

11 suspended LLC.  Under bankruptcy law, the U.S. Trustee

12 cites to the case that really deals with this issue.  It's

13 In re Future Homes, Inc., that the Court found that the

14 revocation of a corporate entity's rights to enter into

15 enforceable contracts to protect itself from State Court

16 does not affect the entity's right to file for protection

17 in the bankruptcy.  So this bankruptcy is going to stay in

18 effect.  Okay?

19        MR. RUSSO: Okay.

20        MR. FEHR: Your Honor, I had a couple of

21 questions.

22        THE COURT: Sure.

23        MR. FEHR: Okay.  So what was the deadline for the

24 production of documents again?

25        THE COURT: By the 13th.

1          MR. FEHR: Okay.  And then --

2          THE COURT: And the reason I'm doing that is I

3  want to give Mr. Russo an opportunity to get the transcript

4  so he can sit down with Mr. Heath and explain the Court's

5  ruling to him.  But in the interim, I would hope that he'd

6  start putting the books and records and an inventory of all

7  of the assets as well.

8          MR. RUSSO: Yeah.  My -- I'm just going to voice

9  my concern to the Court.  I'll do everything in an

10  expeditious matter, and I'll obey the Court's order to the

11  line.  I don't know if Mr. Heath has those documents, so

12  I've got to make sure that --

13          THE COURT: Anything that's in his care, custody

14  or control, so if he's given them to an attorney or

15  anything else, he has a duty to get the documents back.

16  The only people I know that have communicated with Mr.

17  Heath are Mr. Schwartz and Mr. Kelvin.

18          MR. RUSSO: And, Your Honor, not that this is the

19  Court's problem, but they are, in a very liberal statement,

20  very unusual individuals.

21          THE COURT: I would say that's an understatement.

22  (Laughing.)

23          MR. RUSSO: Right.  So I may have a little bit of

24  a struggle.  Mr. Schwartz is disbarred.

25          THE COURT: I understand that, and I'm still

1 dealing with issues that I've got in this matter that I'm

2 going to be making another referral with regards to what

3 Mr. Schwartz has done or not done. But let me add this to

4 help you with communicating with Mr. Heath. If Mr. Heath

5 doesn't comply with this Court order, he has to appear here

6 on the 18th.

7        MR. RUSSO: Oh, I understand.

8        THE COURT: And if he doesn't produce the

9 documents, I will likely do one of two things, given the

10 very short window period to fully comply or I will have the

11 United States Marshal take him into custody until he

12 complies, and I don't want to do that. I've done that in

13 the past, unfortunately several times. I won't hesitate to

14 do it, but I'm hoping that he'll just simply produce the

15 documents, and we'll be able to move on.

16        MR. RUSSO: Well, not to sound even more ignorant

17 than necessary, just my cursory research seems to be, the

18 non-compliance is a civil contempt and not a criminal

19 contempt.

20        THE COURT: And it would be purely civil.

21        MR. RUSSO: Okay. Thank you.

22        THE COURT: And I'm very clear on the difference,

23 and again, I also respect Mr. Heath's Fifth Amendment

24 rights, but again, in order for the bankruptcy, there are

25 requirements that he has to respond to the production of

1 these documents.  And my suggestion, Mr. Russo, if there's

2 an issue about where they came from, my suggestion would be

3 Mr. Heath simply -- or wherever they come from -- turns

4 them over to an attorney who turns them over to the UST and

5 then if they say, well, where did you get these, you can

6 say, attorney-client work product privilege.

7 MR. RUSSO: Yeah.  Well, and you know, I really

8 appreciate the Court's patience in this matter, but that's

9 probably what's likely to happen, you know.  I'm not doing

10 a psychic prediction but dealing with those other counsel

11 has been extremely difficult.

12 THE COURT: Understood.

13 MR. RUSSO: And I'm being diplomatic.

14 THE COURT: All right.  Thank you.

15 MR. FEHR: Your Honor, I have one more question.

16 I apologize.

17 THE COURT: Yes.

18 MR. FEHR: So the ruling today is enforcing the

19 documents required under the sections that were stated on

20 the record or specific items from the Court's order ...

21 THE COURT: What I'm ordering today is compliance

22 with what's been requested under the 2004 exam, but I also

23 want to nip in the bud that the sections that I've cited

24 to, there has to be compliance with.  So if he gives a

25 declaration that says here are all the books and records

1  that I don't have in my care, custody or control and

2  additionally here are all the assets, where they are, real

3  property, which we know about the property here in Oakland

4  that the Trustee, the Chapter 7 Trustee, is attempting to

5  sell, but if there's any other property or any other

6  assets, he needs to account for that as well.  And this is

7  only as to Brook Street Holdings, LLC.  I'm not going to go

8  beyond that.

9       MR. FEHR: And that's my -- I think that partially

10  addresses my questions, but the Rule 2004 order has a list

11  of documents.  Should there be an item by item addressing

12  on each document whether it's being --

13       THE COURT: My suggestion would be, you made a

14  request.  Whether those documents exist, Mr. Heath, as

15  counsel said, there's going to be a declaration ideally

16  that will address, here are all the books and records that

17  I have in my care, custody or control, or if I'm aware of

18  other documents that I don't have care, custody or control

19  of, to identify those documents and advise who has them.

20  Okay?

21       MR. RUSSO: Who has them.  Yeah.  Not a problem.

22       MR. FEHR: Okay.

23       THE COURT: I want to get this done so that Mr.

24  Heath complies and we move on.  Okay.  Very good.

25       MR. FEHR: Thank you, Your Honor.

1      MR. RUSSO: Thank you, Your Honor.

2      THE COURT: Okay, thank you gentlemen.  It was a

3 pleasure meeting you.

4      MR. RUSSO: I really appreciate the Court's

5 patience.

6      THE COURT: You're welcome.

7      (There's a break on the audio.  Don't know what

8 happened.)

9      THE COURT:  At this junction, I'm not ordering

10 them to be produced.  I'm just limiting this to this

11 particular entity.

12     MR. FEHR: And is there any basis for the

13 distinction, just the rule cited previously?

14     THE COURT: Because the only party -- the only

15 entity I have in play right now is Brooks Street Holdings.

16 The other entities have been dismissed -- the cases have

17 been dismissed, and at this juncture until we see these

18 documents, it's not to say that I might not order those but

19 at this juncture, I'm not willing to do that.  So I'm

20 just -- so what I'm simply saying is that at this juncture,

21 I'm not ordering any other documents, other than of Brook

22 Street Holdings, LLC.

23     MR. FEHR: Okay.  But the Rule 2004 order required

24 those documents, correct?

25     THE COURT: And I'm saying I'm not ordering those

1 to be produced at this juncture.

2         MR. FEHR: Okay.

3         THE COURT: But I'm not saying I wouldn't in the

4 future.  If there's cause, it likely would be appropriate.

5 Under these circumstances and everything that has gone on

6 in this case, I want to just take this is small steps, get

7 compliance with the Debtor that we have before the Court

8 right now.

9         MR. FEHR: Okay.  And therefore this motion is

10 being continued to the 18th?

11         THE COURT: To the 18th, and then at that point, if

12 you want to renew your request, I want to see if there's

13 compliance and then we'll go from there.  Okay?

14         MR FEHR: Okay.  Thank you, Your Honor.

15         THE COURT: All right.  Thank you.

16      (Whereupon, the proceedings are concluded at 2:19

17 p.m.)

18

19

20

21

22

23

24

25

1
2
3
4          CERTIFICATE OF TRANSCRIBER
5
6
7       I certify that the foregoing is a correct
8    transcript from the digital sound recording of the
9    proceedings in the above-entitled matter.
10
11   DATED: March 6, 2020
12
13                    By:___/s/ Jo McCall_____
14
15
16
17
18
19
20
21
22
23
24
25